IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MIGUEL VEGA-OLIVAS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANT<br><br>Case No. 2:10-CR-651 TS |

The court has before it Defendant Miguel Vega-Olivas's Motion for Disclosure of Confidential Informant. A hearing on this matter was held on October 7, 2010. Defendant Vega-Olivas requests that the Court order that the identity of the government's confidential informant be revealed because it would be relevant and helpful to his defense. Having considered the parties' respective filings and oral argument, the Court issues the following ruling on the matter.

I. FACTUAL BACKGROUND

Defendants Miguel Vegas-Olivas ("Vega-Olivas") and Emigio Meza ("Meza") are charged with one count of knowingly and intentionally possessing with the intent to distribute

1

500 grams or more of a substance containing a detectable amount of the controlled substance methamphetamine and with aiding and abetting therein.

Defendants' arrest and the filing of the Complaint came as the result of search warrants executed on July 1, 2010 at Vega-Olivas's residence and Meza's residence. During the search of Meza's residence, 800 grams of a substance which field tested positive for methamphetamine was discovered. During the search of Vega-Olivas's residence, $2000 in currency was discovered.

Probable cause for the July 1, 2010 search warrants was based in substantial part on information obtained from a DEA confidential informant ("CI") who made a controlled purchase of two ounces of methamphetamine for $2800 from Vega-Olivas and Meza on April 20, 2010. The CI positively identified the Defendants as the persons from whom the CI had purchased methamphetamine on May 28, 2010. Probable cause for the search warrant was also based upon the results of an investigation into the illegal sale of narcotics by Defendants which was initiated following the controlled purchase. During the investigation, two separate searches of discarded trash at Vegas-Olivas's residence revealed paraphernalia associated with the distribution of narcotics which matched the packaging of the materials obtained through the controlled purchase. Agents conducting surveillance of Mesa's residence observed short term visitor traffic associated with the distribution of illegal drugs.

The charges against Defendants are also substantiated by statements made by both Defendants during a post-Miranda interview. There, Meza told officers the location of methamphetamine at his residence. Vega-Olivas stated that he had stored three or four ounces of

his "stuff" at Meza's house and further stated that he routinely makes trips to California to pick up methamphetamine.

The Complaint against Defendants was filed on July 8, 2010. Vega-Olivas filed this Motion for Disclosure of Confidential Informant on August 18, 2010.

## II. DISCUSSION

A decision regarding disclosure of the identity of a confidential informant requires "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense."[1] The Tenth Circuit has held that disclosure is required if the individual's testimony "might be relevant to the defendant's case and justice would be best served by disclosure,"[2] and that the court must consider the particular circumstances of the case, including the crime charged, the possible defenses, the possible significance of the informant's testimony, and other relevant factors.[3] "Mere speculation about the usefulness of an informer's testimony is not sufficient."[4] Moreover, "where the information sought would be merely cumulative, or where the informer did not participate in the illegal transaction, disclosure is not required."[5]

---

[1] *Roviaro v. United States*, 353 U.S. 53, 62 (1957).

[2] *United States v. Mendoza-Salgado*, 964 F.2d 993, 1000-01 (10th Cir. 1992) (internal citation omitted).

[3] *United States v. Mendoza*, 236 Fed. Appx. 371, 386 (10th Cir. 2007) (quoting *Roviaro*, 353 U.S. at 59).

[4] *Id.* (quoting *United States v. Scafe*, 822 F.2d 928, 933 (10th Cir. 1987)).

[5] *Mondoza-Salgado*, 964 F.2d at 1001.

3

Vega-Olivas argues that identification of the CI is "necessary, relevant, and helpful to a determination of Mr. Vega's guilt or innocence."[6] Vega-Olivas contends that disclosure of the CI's identity is required because the reliability of the CI is at issue since probable cause for the search warrant was based in part on the CI's testimony. Vega-Olivas further suggests that disclosure is necessary because he "may want to subpoena the informant to testify as to his level of involvement in the alleged drug dealing."[7] Moreover, Vega-Olivas argues that he may want to call the CI as a witness to testify as to whether Defendant knew of the drugs that were found at Meza's residence.[8]

The government contends that Vega-Olivas has not sufficiently demonstrated why disclosure of the CI is necessary to his defense.[9] The government instead contends that Vega-Olivas's asserted grounds for disclosure are merely speculative as to the possible usefulness of the CI's testimony. Pointing to the specific charges at issue in this case, the government contends that the CI did not participate in the possession with intent to distribute charges with which Vega-Olivas is charged, but instead only participated in a controlled purchase that led to an investigation of Vega-Olivas. Thus, the government argues, any benefit from the CI's testimony would be collateral to the charges at issue in this case.

---

[6]Docket No. 21, at 2.

[7]*Id.* at 3.

[8]*Id.*

[9]Docket No. 27, at 2-3.

The government's assertions are compelling. Based upon the facts set forth in the Complaint, the CI is implicated in only two situations: the controlled purchase from Defendants and the CI's later positive identification of Defendants.

*1. The Controlled Purchase.* The CI made the purchase of methamphetamine from Meza and Vega-Olivas at an unidentified location.[10] Immediately thereafter, law enforcement officers took the lead on the investigation of Defendants. After the purchase, Meza was observed by law enforcement officers returning to his residence.[11] After three weeks of surveillance of Meza, investigators were led to believe that Vega-Olivas's residence was being used as a possible stash house.[12] Thereafter, a search of the trash outside Vega-Olivas's home revealed narcotics packaging materials which were identical to the packing of the drugs purchased in the controlled purchase.[13] Thus, it appears that the CI's involvement was limited to participation in the controlled purchase itself, and none of the following investigative actions.

*2. The Positive Identification.* Over a month after the controlled purchase, the CI positively identified Defendants Meza and Vega-Olivas from their drivers license photos. Investigation of Defendants was already under way when this identification was made and law enforcement had already identified Defendants based upon the utilities records of their respective residences.

---

[10] Docket No. 9, at 3.

[11] *Id.*

[12] *Id.*

[13] *Id.*

Based on the foregoing, it appears that the CI played a rather limited role in the investigation of Vega-Olivas. The CI did not participate in the crime with which Vega-Olivas is charged. There is nothing in the record to support the assertion that the CI is in possession of unique evidence not available from other sources. The Court therefore finds that Vega-Olivas has not demonstrated how challenging the credibility of this limited actor would be relevant, helpful, or necessary to the preparation or prosecution of his defense. In his briefing supporting his motion and at oral argument, Vega-Olivas was not able to offer any specific reasons as to why disclosure of the CI is necessary, or even helpful, to his defense. Instead, the Court finds that Vega-Olivas's proffered reasons for disclosure were merely speculative in nature and do not justify this Court requiring disclosure of the CI's identity.

### III. CONCLUSION

It is therefore

ORDERED that Defendant Vegas-Olivas's Motion for Disclosure of Confidential Informant (Docket No. 20) is DENIED. It is further

ORDERED that the time from the filing of the Motion for Disclosure of Confidential Informant through the date of this Order is excluded from the computation of the Speedy Trial Act time pursuant to 18 U.S.C. § 3161(h)(1)(D) and (H).

DATED October 12, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge